United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))
No. 06-30223
Summary Calendar
)))))))))))))))))))))))))))

SHREVEPORT PLAZA, LLC,

                    Plaintiff-Appellant,

        v.

DOLLAR TREE STORES, INC.,

                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
District Court No. 5:05-CV-1516

_____

Before SMITH, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Shreveport Plaza, LLC ("Shreveport Plaza") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Dollar Tree Stores, Inc. ("Dollar Tree"). Dollar Tree signed a lease, which is dated November 15, 1999, with Shreveport Plaza,[1] to rent the space for five years. The lease stated that the first five year term would

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] The lease was signed by Shreveport Plaza Associates, LLC, Shreveport Plaza's predecessor-in-title.

-1-

automatically renew, unless Dollar Tree provided written notice at least six months in advance of the end of the term that it did not wish to renew the lease. In addition, the lease stated that the parties should execute a written instrument stipulating the commencement date and expiration date of the original term of the lease.[2] Thus, on October 31, 2000, Dollar Tree and Shreveport Plaza Associates, LLC, signed a Lease Commencement Certificate, which stated that the expiration of the first five year term was October 31, 2005.[3] On April 5, 2005, more than six months prior to the expiration of the first five year term, Dollar Tree exercised its right not to renew the lease in a written notice to Shreveport Plaza ("notice").

Shreveport Plaza argues that Dollar Tree's notice was untimely. Specifically, Shreveport contends that despite the clear, unambiguous language of the Lease Commencement Certificate, the lease actually terminated on September 30, 2005; in that case, Dollar Tree's notice would have been too late. In support of its contention, Shreveport Plaza points to a Revised Lease Commencement Certificate ("revised certificate"), dated

---

[2] Although the lease sets out a formula for determining the commencement date of the original term—based on the date of delivery and the store opening date—the lease also directs: "At the time the Commencement Date is established, upon the request of the Landlord, *the parties will promptly execute a written instrument stipulating the Commencement Date and Expiration Date of the Term of this Lease*." (emphasis added).

[3] The October 31, 2000 certificate states, "The expiration date of the original term is 10/31/2005."

April 14, 2005. This revised certificate indicates that the expiration date of the original term is September 30, 2005 or September 25, 2005.[4] Significantly, the revised certificate is dated subsequent to Dollar Tree's notice of April 5, 2005.

We review the district court's grant of summary judgment *de novo*. *Austin v. Will-Burt Co.*, 361 F.3d 862, 866 (5th Cir. 2004).

Dollar Tree's April 5, 2005 notice, stating that it would not exercise its option to lease the property at issue for an additional five year term, was timely. "[A] contract is the law between the parties and [] they are bound by their agreements." *Texaco Inc. v. Vermillion Parish Sch. Bd.*, 152 So. 2d 541, 547 (La. 1963). "The intention of the parties is of paramount importance. . . ." *Id.* at 548. When the language of the contract is clear and explicit, we look to it to determine the parties' intent, without the aid of extrinsic evidence. *Id.* at 547. The unambiguous agreement of the parties, expressed in the Lease Commencement Certificate dated October 31, 2000, states that the original lease term expired on October 31, 2005. Based on that termination date, Dollar Tree's notice was timely.

Shreveport Plaza argues, however, that the October 31, 2005 termination date, expressed in the October 31, 2000 Lease

---

[4] But for the October 31, 2000 Lease Commencement Certificate, the lease expiration date would have been September 30, 2005. *See* discussion *supra*, note 2.

Commencement Certificate, was an error. Assuming *arguendo* that a mistake was made, Shreveport Plaza is, in effect, asking this court to reform the Lease Commencement Certificate. "A contract may be reformed as an equitable remedy, in order to correct mistakes in a written instrument" if a mutual mistake has occurred. *Fireman's Fund Ins. Co. v. Bulliard Farm, Inc.*, 915 So. 2d 1014, 1017 (La. Ct. App. 2005). "A mutual mistake is a mistake shared by both parties to the instrument *at the time of reducing their agreement to writing*, and the mistake is mutual if the contract has been written in terms which violate the understanding of both parties. *Id.* (emphasis added). Here, the burden is on Shreveport Plaza to establish by clear and convincing evidence that a mutual mistake occurred. *See id.*

Shreveport Plaza has not presented any evidence to indicate that the October 31, 2005 termination date was a mistake, shared by both parties, at the time that the Lease Commencement Certificate was reduced to writing. The revised certificate was crafted nearly five years after the Lease Commencement Certificate and did not exist at the time that Dollar Tree gave notice to Shreveport Plaza. The Lease Commencement Certificate clearly states: "This [certificate] will confirm that the above information is correct." The "above information" announces that, "[t]he expiration date of the original term is 10/31/2005." The original term expired on October 31, 2005, and Dollar Tree's

notice was timely.

Shreveport Plaza contends, however, that even if there was no mistake in the original Lease Commencement Certificate, the revised certificate modified the expiration date of the original term to September 30, 2005. Again, assuming for the sake of argument that the revised certificate effectively modified the expiration date of the term, Dollar Tree's notice was timely. The revised certificate was not in existence when Dollar Tree gave its notice. Under Louisiana law, at the time Dollar Tree gave its notice, the original Lease Commencement Certificate—which announced the expiration of the initial lease term as October 31, 2005—was a "promise" upon which Dollar Tree relied to its detriment.[5]

> The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. Significantly, to prevail on a detrimental reliance claim, Louisiana law does not require proof of

---

[5] In Louisiana:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

LA. CIV. CODE ANN. art 1967.

a formal, valid, and enforceable contract. *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005) (internal quotations and citations omitted). Dollar Tree relied on Shreveport Plaza's written promise that the expiration of the initial five year term was on October 31, 2005 by giving notice on April 5, 2005. Shreveport Plaza cannot change its position after Dollar Tree has relied to its detriment.

Shreveport Plaza also claims that summary judgement was improper because issues of fact remain. However, because the remaining fact issues relate to the validity of the revised certificate, which is not dispositive of this controversy, no remaining fact issue is material to the resolution of this dispute. *See Austin*, 361 F.3d at 866 (pointing out that summary judgment is proper if "the record indicates that there is no genuine issue as to any *material fact* and that the moving party is entitled to judgment as a matter of law.") (emphasis added). AFFIRM.